Peter Scoolidge
Scoolidge Kleiman LLP
315 W. 36th Street
New York, NY 10018
(212) 913-9455
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASSIL YOUSSEF p/k/a YO ASEL, | § § § |
| *Plaintiff*, | § Case Number: 1:17-cv-9603 § |
| v. | § **COMPLAINT FOR** § **COPYRIGHT INFRINGEMENT** |
| COCAINE CITY RECORDS, LLC d/b/a COKE BOYS RECORDS, BAD BOY ENTERTAINMENT HOLDINGS, INC., KARIM KHARBOUCH p/k/a FRENCH MONTANA, BENJAMIN DIEHL p/k/a BEN BILLIONS, DIEUSON OCTAVE p/k/a KODAK BLACK, and SONY MUSIC ENTERTAINMENT, | § **UNDER 17 U.S.C. § 101**, *et. seq.* § § **ECF CASE** § § **JURY TRIAL DEMANDED** § § § |
| *Defendants*. | § § |

**INTRODUCTION**

Plaintiff Assil Youssef is a Moroccan music producer who works under the stage name "Yo Asel" and produces hip-hop works with artists in and around North Africa such as Shayfeen, Wa Drari Squad, and Manal.  In 2014, Asel composed and recorded an instrumental track that looped a few seconds of a spectral 1990s-era alternative song and laced it with an up-tempo 85-bpm drumbeat.  What resulted was an original instrumental work titled *Sleep85* that evoked an industrial sound reminiscent of 1990s New York rap beats.  Asel hoped that *Sleep85* and his other works would one day propel him into the upper echelons of the hip-hop world.

French Montana is a New York-based hip-hop artist with roots in Morocco, where he

lived until he was 13. He ascended the ranks of the New York City scene in the early 2000s and now enjoys superstar status with his own record label and multiple platinum singles. In 2015, French Montana loomed large over the Moroccan hip-hop scene and Asel thought of French as role model of a successful artist from his own country. In late 2015, Asel obtained French Montana's email address and sent French an email attaching *Sleep85* as a digital file. Asel hoped that French would either buy the rights to *Sleep85* or give him some feedback on the production work. French responded to the email four days later with a message that said "Send more." Asel was excited at the prospect that his hard work would start paying off at such an early stage of his career.

In early 2016, Asel became aware that French Montana and Dieuson Octave p/k/a Kodak Black recorded a single titled *Lockjaw*. Asel was shocked to learn that the instrumental track he had sent to French Montana months earlier was modified slightly and used – without Asel's consent – as the beat for *Lockjaw*. Asel quickly reached out to French Montana to confront him about using *Sleep85* in *Lockjaw* without Asel's permission. French Montana responded by blocking Asel from French's social media. *Lockjaw* went platinum (having sold over one million copies), has over 99 million YouTube views, and was used in the WWE2K17 video game soundtrack. Asel was not credited on *Lockjaw* and has never received any payment from Defendants. Asel now brings this action for damages and injunctive relief.

## JURISDICTION AND VENUE

1. This is an action for copyright infringement to recover damages and for injunctive relief for the injuries sustained by Asel resulting from Defendants' continuous and willful violations of the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter, "the Copyright Act").

2. This Court has subject matter jurisdiction over this action pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, 28 U.S.C § 1331, and § 1338(a).

3. This Court has personal jurisdiction over Defendant Bad Boy Entertainment Holdings, Inc. because it resides and may be found in this Judicial District and because Bad Boy conducts systematic and continuous business in this District.

4. This Court has personal jurisdiction over Defendant Cocaine City Records, LLC because, on information and belief, it does systematic and continuous business in this District, including through a joint venture with New York-based Bad Boy.

5. This Court has personal jurisdiction over Defendant French Montana because he conducts systematic and continuous business in this District, including through a joint venture with New York-based Bad Boy, and extensive business dealings with New York-based Sony. Epic Records, a division of Sony, and Bad Boy are listed as having released the infringing work *Lockjaw* in 2016, which gave rise to this action.

6. This Court has personal jurisdiction over Defendants Ben Billions and Kodak Black because they conduct systematic and continuous business in this District, including contracting with New York-based Bad Boy and/or with New York-based Sony for their contributions to *Lockjaw*. Epic Records, a division of Sony, and Bad Boy are listed as having released the infringing work *Lockjaw* in 2016, which gave rise to this action.

7. This Court has personal jurisdiction over Sony because Sony resides and may be found in this Judicial District and because Sony conducts systematic and continuous business in this District.

8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C §§ 1391 and/or 1400(a). Upon information and belief, Defendants and/or their agents may be found in this district and/or have principal places of business in this district and/or a substantial part of the acts of infringement complained of herein occurs or has occurred in this district.

**PARTIES**

9. Plaintiff Asel is a natural person and a citizen of Oujda, Morocco. He is the original composer and owner of the copyrighted musical work titled *Sleep85* under United States copyright registration number Pau003864775.

10. Defendant Bad Boy is a New York corporation with a principal place of business at 1440 Broadway, New York, New York.

11. Defendant Cocaine City Records, LLC d/b/a Coke Boys Records is a Delaware limited liability company.

12. Defendant French Montana is a natural person and upon information and belief is a citizen of California. He is listed as a songwriter for *Lockjaw* and upon information and belief he has performed the infringing work in live and recorded performances.

13. Defendant Ben Billions is a natural person and upon information and belief is a citizen of Florida. He is listed as a songwriter for *Lockjaw*.

14. Defendant Kodak Black is a natural person and upon information and belief is a citizen of Florida. He is listed as a songwriter for *Lockjaw* and upon information and belief he has performed the infringing work in live and recorded performances.

15. Defendant Sony is a Delaware general partnership with a place of business at 25 Madison Avenue, New York, New York, duly authorized to do and presently doing business in this District.

**BACKGROUND**

16. Asel was born in Oujda, Morocco and grew up listening primarily to American hip-hop. He started making music when he was 17 and after 2011 worked with U.S.-based artists including Black Cobain and 40 Glocc. His present work is focused on the North African hip-hop scene.

17. French Montana was born and raised in Morocco until the age of 13, when he moved with his family to New York City. Beginning in 2002, he launched a hip-hop career that began with modest street-centric productions and eventually scaled the heights of American

super-stardom. His work has been extremely commercially successful with multiple platinum releases and a steady tour schedule.

18. In or around 2014, Asel heard a song titled *Sleep* by UK-based band Slowdive that was recorded circa 1992. Asel found that a short clip of the first few seconds of the song created an interesting melody when he looped it in a particular manner. He then composed an upbeat drum track and combined it with that melody to create an original work he titled *Sleep85*.

19. In late 2015, Asel took initiative to get his music recognized. He decided to contact French Montana to see if French was interested in any of Asel's instrumental tracks. Asel reached out to Mansour Bennouna, whom Asel knew to be a friend of French Montana, and asked Mr. Bennouna for French's email address. Mr. Bennouna replied with a Gmail address through which Asel could contact French.

20. On or around November 26, 2015, Asel sent French Montana an email at the address provided by Mr. Mansour, stating: "Please find attached two beats made for French Montana, Please give them a listen and let me know what do you think." Asel attached *Sleep85* and another instrumental track titled *Rejoindre 135* to the email as digital files.

21. Days later, on November 30, 2016, French responded with an email that read "Send more."

22. In or around mid-February 2016, Asel became aware of a new single by French Montana and Kodak Black titled *Lockjaw*. Upon hearing *Lockjaw* for the first time, Asel realized that French Montana had used a slightly altered version of *Sleep85* as the instrumental track for *Lockjaw*.

23. On or around February 20, 2016, Asel emailed French to confront him about using *Sleep85* without Asel's permission and without crediting or paying him. French never replied. Asel further attempted to reach French via social media messaging but French blocked Asel from those accounts.

24. *Lockjaw* was officially released on French Montana's 2016 mix tapes titled *Wave Gods* and *MC4*, and sold over a million copies by March 2017. It was also included in the soundtrack for the WWE 2K17 video game, which has sold over a million copies. The official YouTube *Lockjaw* music video currently has over 99 million views.

25. Defendant Ben Billions was credited as the producer of *Lockjaw* and gave at least two interviews wherein he answered questions about *Lockjaw's* production and sound. He never mentioned during those interviews that Asel had composed the original instrumental track that French and Kodak Black rapped on.

26. Thus, a pivotal moment in Asel's budding career as a hip-hop composer and producer came to an inauspicious end. Asel was not credited with composing the instrumental track for *Lockjaw*. Worse still, Defendant Ben Billions was credited in Asel's place as having composed the beat. Finally, Asel was not paid for the use of his track by a multi-millionaire rapper and fellow Moroccan.

27. This case is not the first instance of French Montana having misappropriated an instrumental work. In 2014, a California producer named John Moronta sued French Montana for Copyright infringement in the United States District Court for the Central District of California. French Montana had used a 2011 instrumental track composed by Moronta in the *Once in a While* track that was included on French's *Excuse My French* album. The case settled in 2015.

28. Defendants Bad Boy and Cocaine City Records, LLC were involved in the production and/or release of *Lockjaw*. French Montana, individually and/or through Cocaine City Records, LLC is party to a joint venture with Bad Boy and Sony through which French Montana's works are marketed and/or distributed. Upon information and belief, Ben Billions and Kodak Black have contracted with Bad Boy and/or Sony in connection with their work on *Lockjaw*, including but not limited to the production of the derivative music video that incorporates *Lockjaw*.

## *SLEEP85* AND *LOCKJAW*

29. *Sleep85* is a musical arrangement that includes the use, editing, and selection of pre-existing sound recordings to achieve a wholly original and unique musical composition and constitutes a transformative use of any pre-existing work. Asel's work is copyrightable subject matter under the laws of the United States.

30. In 2017, Asel cleared the sample from Slowdive. The license from Slowdive to Asel for the *Sleep* sample was executed on November 14, 2017, with an effective date of September 9, 2014.

31. Asel registered *Sleep85* with the United States Copyright Office and was granted a copyright on November 27, 2017, under Registration No. Pau003864775.

32. Upon information and belief, in or around late 2015 or early 2016, French Montana and Kodak Black, along with Ben Billions, recorded the *Lockjaw* single. *Lockjaw* incorporates *Sleep85* either through direct copying of the digital music file attached to Asel's email or through reproduction of the musical composition, arrangement, and selection composed by Asel.

33. Although *Lockjaw* incorporates a slightly different edited version of *Sleep85*, the changes made by Defendants were insubstantial and do not amount to a transformative or "fair" use of Asel's work. *Sleep85* and *Lockjaw* contain essential compositional elements so similar as to evidence the conscious copying of one in pursuit of the creation of the other. An individual listening to both *Sleep85* and *Lockjaw* would easily perceive the similarities between the two works and could only conclude that *Lockjaw* would not exist but for the copying of the *Sleep85*.

34. In or around December 2016, Defendants registered the Copyright for three versions of *Lockjaw* under Registration Nos. PA0002055204, PA0002036336, and SR0000793597.

35. Upon information and belief, Defendant Sony holds the Copyrights for the sound recording under SR0000793597 and the music video under PA0002036336. Upon

information and belief, Defendants French Montana, Ben Billions, Kodak Black, and non-party Khaled Khaled, own the Copyright for the composition under PA0002055204.

36. Upon information and belief, Defendants Bad Boy, Cocaine City Records, LLC, and Sony were involved in the creation of and are involved in the marketing, manufacture, and duplication of the *Lockjaw* sound recording and music video.

37. Upon information and belief, Defendants Bad Boy, Cocaine City Records, LLC, and Sony distribute the *Lockjaw* sound recording via digital distribution over the Internet via a number of digital music retailers and music services, including, but not limited to iTunes, Amazon.com, and Spotify.

38. Upon information and belief, Defendants' conduct was undertaken purposefully, willfully, knowingly and maliciously to the exclusion of, and without regard to the inevitable damage certain to result to Asel's *Sleep85*.

39. Upon information and belief, Defendants have been reproducing, distributing, and performing the derivative work *Lockjaw*, without the permission, license, or consent of Asel via iTunes, Amazon.com, and Spotify, resulting in substantial revenue for Defendants.

**FIRST CAUSE OF ACTION:  COPYRIGHT INFRINGEMENT**

40. Asel repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

41. Asel is the copyright owner of the musical work titled *Sleep85*, which is properly registered with the United States Copyright Office.

42. By producing, transmitting, and distributing *Lockjaw* Defendants have reproduced, prepared derivative works based upon, publicly performed, and distributed copies of substantial portions of *Sleep85* or derivative works thereof, without Asel's permission or authorization.  Defendants continue to do so.

43. Defendants' conduct constituted, and continues to constitute, infringement upon Plaintiff's exclusive rights to reproduce, prepare derivative works based upon, publicly perform, and distribute *Sleep85*, all in violation of 17 U.S.C. §§ 106 and 501.

44. Through Defendants' participation in, and contribution to, the distribution of *Lockjaw* in the United States, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Asel's copyright in the musical work *Sleep85*.

45. As a result of Defendants' infringement, Asel has been damaged in an amount yet to be ascertained.

46. As a result of Defendants' infringement, Asel has been irreparably harmed and, absent a permanent injunction restraining and enjoining Defendants' actions, such irreparable harm will continue.

47. As a result of Defendants' infringement, Asel is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement.  Alternatively, upon Asel's election, he shall be entitled to his actual damages plus Defendants' profits from infringement, as will be proven at trial.

### SECOND CAUSE OF ACTION:  CONTRIBUTORY COPYRIGHT INFRINGEMENT

48. Asel repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

49. Defendants, without authorization, individually and in concert with other persons and entities, encouraged, induced, and/or materially contributed to, the infringement of Asel's copyright in the musical work *Sleep85* in that: (a) they distributed and/or exploited the *Lockjaw* in the United States, and (b) they provided agreements for distribution of *Lockjaw* in the United States.

50. Defendants distributed *Lockjaw* via iTunes, Amazon.com, and Spotify to customers and subscribers, who Defendants knew would further reproduce, distribute, adapt, display and/or publicly perform *Lockjaw* in further infringement of Asel's copyright in the

musical work *Sleep85*. Defendants authorized the infringements, had knowledge of such infringing activity, and induced, caused, or materially contributed to such activity.

51. Defendants' acts complained of herein constitute contributory copyright infringement of Asel's copyright in the musical work *Sleep85*.

52. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Asel's rights.

53. As a direct and proximate result of Defendants' infringement, Asel is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement. Alternatively, upon Asel's election, Asel shall be entitled to his actual damages plus Defendants' profits from infringement, as will be proven at trial.

### THIRD CAUSE OF ACTION: VICARIOUS COPYRIGHT INFRINGEMENT

54. Asel repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

55. Defendants have the right, authority, and the ability to control or supervise the distribution of *Lockjaw* via iTunes, Amazon.com, and Spotify to customers and subscribers, who in turn illegally reproduced, distributed, adapted, displayed and/or publicly performed *Lockjaw* without authorization.

56. Defendants had knowledge of Asel's rights and interest in the musical work *Sleep85* because French Montana was aware that he had misappropriated *Sleep85* and such knowledge is imputable to Defendants.

57. Defendants obtained a direct financial interest, financial advantage, and/or economic consideration from the infringement in the United States as a result of the above referenced infringements.

58. Defendants' acts complained of herein constitute vicarious copyright infringement of Asel's copyright in the musical work *Sleep85*.

59. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Asel's rights.

60. As a direct and proximate result of Defendants' infringement, Asel is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement. Alternatively, upon Asel's election, Asel shall be entitled to his actual damages plus Defendants' profits from infringement, as will be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

A. That Defendants be held to have infringed Plaintiff's copyright.

B. That Defendants be held to have willfully infringed Plaintiff's copyright.

C. That Defendants be restrained and enjoined from infringing Plaintiff's copyright in any manner.

D. That Defendants be restrained and enjoined from creating, issuing, or distributing or otherwise publishing any copies of *Lockjaw* that infringe Plaintiff's copyright.

E. That the infringing copies of *Lockjaw* in Defendants' possession be impounded, pursuant to 17 U.S.C. §§ 502-503, to prevent and/or restrain further violations of Asel's exclusive rights under 17 U.S.C. § 101, *et. seq.*

F. That Defendants be ordered to pay Plaintiff the maximum statutory damages, or, in the alternative, Plaintiff's actual damages and any additional profits of Defendants attributable to Defendants' infringement.

G. That Defendants be ordered to pay pre-judgment interest.

H.  That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues in this matter that may be so tried.

Date: December 7, 2017                                     Respectfully submitted,


   /s/ Peter Scoolidge
Peter Scoolidge (PS7107)
*Peter@ScoolidgeLLP.com*
Margaret Scoolidge (MR4557)
*Margaret@ScoolidgeLLP.com*
SCOOLIDGE KLEIMAN LLP
315 West 36th Street
New York, NY  10018
Tel: (212) 913-9455
Fax: (866) 344-5070

*Attorneys for Plaintiff*